The petitioner challenges the government’s refusal to provide him with a health insurance plan that does not cover abortions — a refusal he claims violates his first amendment rights.
The petitioner first sought relief from the Merit Systems Protection Board ("Board”). The Board, proceeding on the incorrect assumption that the petitioner was contesting his termination from federal employment while still in a probationary status, held that it was without jurisdiction to review the termination. The petitioner now concedes this point but asks this court to determine the constitutionality of the government’s administration of the Health Benefits *781 Act, 5 U.S.C. §§ 8901-8913 et seq. (1976 & Supp. IV 1980). Because the Board did not consider the health insurance issue, we pretermit the question of our jurisdiction over this case and remand the case to the Board so that it may address the health insurance issue.
In November 1979, the Department of the Navy appointed the petitioner to the position of Civil Engineer at a pay-grade of GS-11, subject to a one-year probationary period. Shortly after his appointment, petitioner was given the opportunity to join the Federal Employees Health Benefits Program ("Program”). The Program provides federal employees with a choice among a number of health insurance plans, each paid for in part by the employees and in part by the government.
Petitioner became concerned when he learned that all of the plans covered abortions and abortion-related treatment. Petitioner complained then, and continues to complain, that inasmuch as abortion is contrary to his religious beliefs, the government violated his first amendment rights by forcing him either to choose a health insurance plan that "funded” abortion or to decline participation in the Program altogether.
On March 24,1980, petitioner, pro se, filed with the Board a "Complaint of Discrimination on Religious and/or Conscientious Grounds,” which challenged the Program basically on first amendment grounds. The Board never responded to that complaint.
The respondent terminated petitioner’s employment effective May 30, 1980, for deficiencies in the performance of his job. On June 3, 1980, petitioner, again pro se, sent a letter to the Board apparently appealing his termination.
The Board, in an initial decision dated August 20, 1980, dismissed the June 1980 appeal on the ground that the Board has no jurisdiction to review a probationary employee’s termination allegedly based on religious discrimination; however, it never mentioned petitioner’s March 24, 1980 letter. Petitioner, on September 19, 1980, requested the Board to review the initial decision on the ground that he was contesting not his termination but the "religious discrimination” of the Program. On December 12, 1980, the Board refused to do so. Petitioner, after retaining counsel, *782 filed his appeal in this court on January 27, 1981, 30 days after he received the Board’s December 12,1980 order.
In his present appeal, petitioner concedes that the Board was without jurisdiction to review his claim that he was dismissed for reasons of religious discrimination. He does contend, however, that the Board and this court have jurisdiction to hear his complaint that the Program violates his first amendment rights. His brief seeks the award of "a sum equal to the value of the government’s contribution to his health insurance premiums during the period of his employment, together with his costs, disbursements and reasonable attorney fees.”
It is inappropriate at this time to reach the issue of our jurisdiction to decide whether the Program is administered unconstitutionally, since the Board never considered the issue that petitioner raised in his letter of March 24, 1980. Examination of the petitioner’s pro se submissions to the Board make the Board’s confusion concerning the exact nature of petitioner’s complaint understandable. Counsel for petitioner has made it clear before us, however, that it is the Program, not petitioner’s termination, that is being challenged. We think it appropriate, therefore, to remand this case in order to allow the Board to determine whether it has jurisdiction over such a challenge and, if it determines it has jurisdiction, whether the petitioner’s challenge has merit. Until the Board addresses those issues, it would be premature for us to decide any facet of this case.
Based upon the petitioner’s concession, the appeal of his termination during his probationary period is dismissed. The case is remanded to the Board to consider its jurisdiction over, and merits of, petitioner’s challenge to the constitutionality of the Program. Further proceedings in this court are suspended for six months pending the Board’s decision on remand.
On August 20, 1982 the court entered an order stating: "This case comes before the court sua sponte, it appearing that petitioner instead of proceeding with this appeal following a decision by the Merit Systems Protection Board *783 on remand as directed in this court’s order of January 19, 1982, has in fact filed a new appeal, Appeal No. 32-82. Upon consideration thereof, it is ordered that this appeal case is dismissed as being moot.”